PER CURIAM.
Appellant, defendant in the trial court, was informed against by the County Solicitor of Polk County, charging him with one count each of grand larceny, resisting arrest with force and violence and escape. The information charged that on June 7, 1967, the appellant stole one 35 horsepower Evinrude motor and shaft and the lower unit from a 75 horsepower outboard motor and one outboard tank; that he wilfully resisted arrest by the sheriff; and after being arrested, appellant escaped from lawful custody.
After the appellant was adjudicated insolvent, the public defender was appointed to represent him. On October 18, 1967, in the presence of his attorney, he entered a plea of guilty to all three counts. On December 11, 1967, he was adjudged guilty and sentenced to a term of four years on the first count, one year on count two to run concurrently with count one, and one year on count three to run consecutively with count one. On January 13, 1968, the defendant, in pro. per., filed a motion to vacate under CrPR 1.850, 33 F.S.A. This motion was denied and this appeal followed.
Defendant urges that he was coerced into pleading guilty by promises made to him by the public defender. The record shows that the public defender promised him that he would recommend him for probation if he would plead guilty and this the public. defender did. Since there was no adversary hearing on defendant’s motion to vacate, we must look to the record which shows that the court inquired into the voluntariness of the guilty plea and warned the defendant that the recommendation of the public defender for probation was not a guarantee that he would receive probation but rather depended upon the result of the pre-sentence investigation. The trial judge admonished him that he might or might not secure probation and that this was the chance he would be taking in pleading guilty. After this explanation, the defendant indicated he still wished to plead guilty.
From the record it appears that the motion was properly denied. We therefore affirm the court’s order denying the relief sought under Rule 1.850.
LILES, C. J., and PIERCE and HOB-SON, JJ., concur.