HOBSON, Acting Chief Judge.
This is a consolidated appeal from an order summarily denying without an evi-dentiary hearing appellant’s motion for postconviction relief under Rule 1.850, F.R.Cr.P. 33 F.S.A.
Appellant was indicted for two offenses of murder in the first degree. He entered a plea of guilty to the lesser included offense of murder in the second degree in each instance. The only point relied on by appellant in his brief is the contention that the guilty pleas were coerced. The record conclusively shows that the pleas of guilty were voluntarily made. The court and the Assistant State’s Attorney asked extensive questions with respect to the voluntary nature of the pleas both at the time of the acceptance of the pleas on October 2, 1967, and again at the time of sentencing on October 11, 1967. At the time of sentencing, the appellant was given the opportunity to withdraw his previous plea of guilty but refused. He was represented by counsel at all stages of the proceedings and he expressly acknowledged his guilt after conferring with such counsel.
Appellant contends that he was wrongfully coerced into giving confessions to the first degree murder charges and that his pleas of guilty to second degree murder were made because of his belief that said confessions would be used to convict him of first degree murder. On October 2, 1967, the date of the entry of the guilty pleas, the appellant’s motions to suppress his confessions were pending. Appellant’s attorney had advised him that he would proceed with the motions to suppress and yet the appellant abandoned these motions.
The lower court correctly concluded that the record conclusively showed that the guilty pleas were entered voluntarily. Young v. State, Fla.App.1968, 216 So.2d 497; Moore v. State, Fla.App.1968, 216 So.2d 766; and Haywood v. State, Fla.App.1969, 218 So.2d 242.
Oral argument is dispensed with as serving no useful purpose pursuant to Rule 3.10(e) F.A.R., 32 F.S.A.
Affirmed.
MANN and McNULTY, JJ., concur.