**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 08-1083

UNITED STATES OF AMERICA,

Appellee,

v.

SERGIO MARTÍNEZ-VEGA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Francisco A. Besosa, U.S. District Judge]

Before

Boudin, Selya, and Stahl,
Circuit Judges.

María Soledad Ramírez-Becerra and Maria Soledad Ramirez-Becerra Law Office, on brief for appellant.
Nelson Pérez-Sosa, Assistant U.S. Attorney, Germán A. Rieckehoff, Assistant U.S. Attorney, and Rosa Emilia Rodríguez-Vélez, United States Attorney, on brief for appellee.

December 17, 2008

**Per Curiam.** Defendant pled guilty to one count of conspiring with others to possess with intent to distribute 50 grams or more of crack cocaine within a public housing project and within 1,000 feet of a public school, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), 846, and 860, and was sentenced to 240 months' imprisonment, near the bottom of the guideline range as computed by the district court.

On appeal, defendant argues, first, that he was not adequately informed of the consequences of his guilty plea, particularly the maximum penalty for the offense to which he pled guilty. It is true that the district court misspoke at the change-of-plea hearing when it stated that the maximum penalty for that offense was 20 years under 21 U.S.C. § 860; in fact, the maximum penalty was life imprisonment under 21 U.S.C. § 841(b)(1)(A), as accurately stated in the Presentence Report. However, defendant never sought below, and does not seek now, to vacate his guilty plea and go to trial.[1] Rather, in the district court, his only

---

[1]Although he stated both at the change-of-plea hearing and at the sentencing hearing that he "felt pressured" into entering a straight plea as opposed to a negotiated plea, there is nothing in the record to indicate that he felt pressured to plead guilty rather than stand trial.

If defendant were asking this court to vacate his guilty plea, we would review such an unpreserved claim only for plain error and would find none since the record contains no indication, much less a "reasonable probability," that defendant would have decided to go to trial rather than plead guilty if he had been correctly informed of the maximum penalty for his offense at the time of his guilty plea. United States v. Dominguez Benitez, 524 U.S. 74, 83 (2004).

hesitation about pleading guilty was based on his persistent hope (despite the repeated advice of his counsel and the prosecutor to the contrary) that he could belatedly accept the government's prior offer of a plea agreement (which defendant had previously rejected and the government had since withdrawn), rather than enter a straight plea.

In this court, defendant's only dispute is with the length of the sentence imposed, which was apparently higher than he hoped to receive when he pled guilty. That, of course, is no basis for challenging the validity of his plea, United States v. Mercedes Mercedes, 428 F.3d 355, 359 (1st Cir. 2005), much less his sentence. "Defendants cannot have it both ways--one way when they plead and another when they come to sentence, unless they express a willingness to have the pleas set aside." Dawson v. Wainwright, 440 F.2d 1259, 1262 (5th Cir. 1971).

Moreover, any defect in defendant's plea colloquy had no bearing on his ultimate sentence. The drug quantity used to calculate defendant's guideline range was based not on the amount of drugs to which he pled guilty but on the evidence presented by the government at sentencing. Defendant pled guilty to the indictment, which charged him with conspiring to possess with intent to distribute "50 grams or more of crack cocaine" but did not specify the precise amount of drugs involved. Because defendant disputed the amount of drugs found attributable to him in

-3-

the presentence report, the government called an agent involved in the underlying investigation to testify on that issue at the sentencing hearing. Based on the agent's testimony, the court found that the total amount of drugs involved in the conspiracy was 3.8 kilograms. Defendant does not challenge the factual accuracy of that calculation on appeal.

Although defendant argued below that he should be held accountable for only half of that amount (based on the agent's testimony that defendant shared leadership of the drug point in question with another defendant), the court found it unnecessary to resolve that issue since the base offense level, 36, would have been the same whether the drug amount attributable to defendant were 3.8 or 1.9 kilograms. See U.S.S.G. § 2D1.1(c)(2) (applying level 36 to at least 1.5 but less than 4.5 kilograms of cocaine base). Defendant acknowledged as much below and does not press this issue on appeal either.

Defendant's only remaining argument is that the district court failed to give adequate weight to certain purportedly mitigating sentencing factors--namely, defendant's age (21), his limited education (11th grade), his upbringing in a drug-infested environment, and his lack of a criminal record. However, the record indicates that the district court did consider those factors but found them outweighed by the seriousness of the offense--large-scale drug trafficking in plain view of young children on a

-4-

basketball court in a public housing project and near a public middle school--and the resulting need for punishment and deterrence. Given the deference due to the district court's balancing of the applicable factors, <u>United States</u> v. <u>Deppe</u>, 509 F.3d 54, 62 (1st Cir. 2007); <u>United States</u> v. <u>Dixon</u>, 449 F.3d 194, 205 (1st Cir. 2006), particularly where, as here, the chosen sentence falls within the guideline range, <u>Rita</u> v. <u>United States</u>, 127 S. Ct. 2456, 2463 (2007), we decline to second-guess its plausible reasoning or its defensible result, <u>United States</u> v. <u>Jiménez-Beltre</u>, 440 F.3d 514, 518 (1st Cir. 2006) (en banc).

Accordingly, the district court's judgment is <u>summarily affirmed</u>. <u>See</u> 1st Cir. R. 27.0(c).